IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT V. JONES, ) | |
| ) | |
| Plaintiff, ) | Case No. CV05-423-C-EJL |
| ) | |
| vs. ) | ORDER ADOPTING REPORT |
| ) | AND RECOMMENDATION |
| ) | |
| JO ANNE B. BARNHART, Commissioner, ) | |
| ) | |
| Defendant. ) | |
| ) | |

On February 21, 2007, United States Magistrate Judge Larry M. Boyle issued a Report and Recommendation, recommending that the Petitioner's appeal pursuant to 42 U.S.C. § 405(g) be dismissed and that this Court enter an order affirming the decision of the Commissioner. (Dkt. No. 18).

Petitioner Robert V. Jones filed objections to the Magistrate Judge's report. Any party may challenge a Magistrate Judge's proposed recommendation regarding by filing written objections within ten days after being served with a copy of the magistrate's Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate. Id.; see also Fed. R. Civ. P. 72(b).

**Discussion**

The objections submitted by Mr. Jones objections argue the Administrative Law Judge ("ALJ") failed to follow the correct legal standards and, therefore, the decision is not based upon substantial evidence. The challenges center on: One, the ALJ's finding that Mr. Jones symptom-related limitations were "not credible" and the subsequent use of the credibility determination to support the rest of the ALJ's decision and, two, how the ALJ used, applied, and evaluated the medical evidence.

ORDER ADOPTING REPORT AND RECOMMENDATION - Page 1
07ORDERS\Jones_rnr.WPD

As to the credibility question, Mr. Jones points out that a disabled claimant cannot be denied social security benefits for failing to obtain medical treatment because he could not afford the treatment, citing Gamble v. Chater, 68 F.3d 319 (9th Cir. 1995). In Gamble, the Court held that a claimant, who had already satisfied the disability inquiry, could not be denied benefits for failure to seek treatment. Here, Mr. Jones is not a qualified beneficiary and, therefore, has not been denied benefits because he failed to seek treatment. The ALJ's reference to Mr. Jones' infrequent visits to the doctor as one factor in the credibility determination is proper. The ALJ made specific cogent findings justifying its decision for adverse credibility determination and those findings are supported by substantial evidence in the record; including the lack of objective medical findings supporting the claimant's subjective reports of pain and other inconsistencies between Mr. Jones' testimony and the medical evidence. Gamble, 68 F.3d at 604; see also Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (upholding an adverse credibility determination when it is supported by specific and cogent reasons). As to the application of medical testimony by the ALJ, the Court agrees with the findings and conclusions of the Magistrate Judge that the ALJ applied the correct legal standards and that the ALJ's findings are supported by substantial evidence in the record. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (The ALJ "must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion" of a treating or examining doctor.).

The Court has considered each of Mr. Jones' contentions and finds them to be without support in law or fact. The arguments presented in the objections contesting the legal standards employed and the factual findings of the Magistrate Judge and the ALJ were raised and considered previously by those bodies. As the report and recommendation makes clear, the Magistrate Judge carefully and thoroughly considered the entire record in making his findings. (Dkt. No. 18). This Court has conducted its own review of the memorandums filed throughout this matter by both parties and finds that the Magistrate Judge identified the correct legal standards and properly applied those standards to the record. Further, the

Magistrate Judge properly addressed the arguments raised in the objections. Accordingly, Mr. Jones' objections are overruled.

## ORDER

Having conducted a *de novo* review of the objections raised by Petitioner, this Court finds that Magistrate Judge Boyle's Report and Recommendation is well founded in law and consistent with this Court's own view of the evidence in the record. Acting on the recommendation of Magistrate Judge Boyle, and this Court being fully advised in the premises, IT IS HEREBY ORDERED that the Report and Recommendation entered on February 21, 2007, (Dkt. No. 18), should be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

The Amended Complaint to Review and Set Aside the Final Decision of the Commissioner of Social Security (Dkt. No. 4) and Motion for Summary Judgment (Dkt. No. 10) are **DENIED** and this matter is **DISMISSED IN ITS ENTIRETY WITH PREJUDICE**.

DATED: **March 22, 2007**

Honorable Edward J. Lodge
U. S. District Judge